UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **DUNHAM PRICE GROUP L L C ET AL** | **CASE NO. 2:22-CV-01737** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **XL SPECIALTY INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 11] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant XL Specialty Insurance Company ("XLSIC"), seeking to dismiss the complaint filed by plaintiffs Action Tire & Wheel LLC, DP Aggregates LLC, DP Concrete Products LLC, Dunham Price Group LLC, Dunham Price Industrial LLC, Dunham Price LLC, Dunham Price Marine LLC, Maintenance Center LLC, Material Handling LLC, R.E. Heidt Construction Company LLC, Service Administrators LLC, and Supplier Services LLC (collectively, "Dunham Price"). Dunham Price opposes the motion. Doc. 15.

### I.
#### BACKGROUND

This suit arises from damage allegedly incurred by plaintiffs, the owners of several businesses in Calcasieu and Cameron Parishes, in Hurricane Laura and Hurricane Delta, which both struck Southwest Louisiana in 2020. Doc. 1. At all relevant times, Dunham Price alleges, it had in place insurance policies with XLSIC bearing policy numbers

UM000737776MA20A and UM0052950MA19A, providing coverage for its losses including but not limited to:

> existing buildings, newly built or acquired buildings, adjacent structures, business personal property, equipment (whether owned, borrowed, leased, or rented), machinery, tools and work clothing, personal effects, adjacent structures, increased cost of construction to comply with minimum standards of an ordinance or law, business personal property, furniture and fixtures, contents, debris removal, trees, shrubs, and plants, off premises utility interruption, extra expenses, lease or rental charges, and repair costs.

*Id.* at ¶ 23. Dunham Price further alleges that XLSIC failed to timely and adequately compensate it for storm-related losses even after multiple inspections. *Id.* at ¶¶ 25–26. Accordingly, it filed suit in this court on June 20, 2022, raising claims of breach of insurance contract and bad faith under Louisiana law.

XLSIC now moves to dismiss these claims, asserting that the allegations do not sufficiently plead Dunham Price's causes of action. Doc. 11, att. 1. Dunham Price opposes the motion. Doc. 15. In the alternative, they request leave of court to amend the complaint if the court finds that more detail is required. *Id.*

## II.
## LAW & APPLICATION

### A. Legal Standard

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224

F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B. Application

XLSIC argues that both the breach of contract and bad faith claims must be dismissed for lack of sufficient detail. The court disagrees. The complaint provides the policy numbers, insured properties (as identified by their owners, and further identifiable based on the policies), and dates of the loss events. It also outlines, in broad strokes, Dunham Price's areas of dissatisfaction with the adjustment of its claims. This information is enough to allow the parties to initiate discovery and to state plausible claims for relief based on both breach of the insurance contract and bad faith handling of the claims. Discovery will reveal the nuances of the claims and allow the parties to sufficiently narrow their scope in order to prepare for trial.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 11] will be **DENIED.**

**THUS DONE AND SIGNED** in Chambers on the 7th day of September, 2022.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**